■ CHAVA SAKS, as Administratrix of the Estate of ABRAHAM LAZAR, Deceased, Respondent, v JULIUS A. GUIGNARD, JR., et al., Appellants.—In a wrongful death action, defendants appeal from an order of the Supreme Court, Kings County, dated January 7, 1980, which denied their motion to renew their application for a change of venue from Kings County to Lewis County. Order affirmed, with $50 costs and disbursements. It was not an abuse of discretion to deny defendants' motion to renew their application for a change of venue in light of their inability to offer an acceptable excuse for their failure to introduce adequate supporting papers in the first instance. Furthermore, were we to reach the merits of the application, we would conclude that there was no abuse of discretion in retaining the action in Kings County. Damiani, J. P., Titone, Lazer and Cohalan, JJ., concur.

■ SELCHOW & RIGHTER COMPANY, Respondent, v LEW W. TIFFANY, Appellant.—In an action, *inter alia,* to compel defendant to transfer to plaintiff 100 shares of stock in the plaintiff corporation at a price of $40,667.50, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered October 25, 1979, which, after a nonjury trial, *inter alia,* determined that plaintiff is entitled to the 100 shares, together with all dividends thereon as of July 15, 1976. Judgment affirmed, without costs or disbursements. We affirm on the opinion of Mr. Justice Murov at Special Term. We add, however, that we find no merit to defendant's contention that the agreement lacked mutuality and therefore was void and unenforceable. Defendant counterclaimed to enforce that very agreement, moved for and, on a prior appeal, obtained partial summary judgment and, pursuant to the order determining the appeal, received the sum of $40,667.50—the amount due under plaintiff's interpretation of the book value formula set forth in the agreement (see *Selchow & Righter Co. v Tiffany,* 62 AD2d 989). Moreover, this court, in granting partial summary judgment, limited the issues as follows: "further relief is unwarranted until a trial is conducted to determine the cash value of one half of the book value of the stock. Resolution of the questions concerning interest and dividends before and after the event must also await the trial." Further, the testimony of Anthony Adesso (plaintiff's treasurer) and Sheldon Abish (a certified public accountant and plaintiff's accountant) was essentially uncontroverted and unimpeached. We also note that no question is raised as to the integrity of the accountant; indeed, he was also defendant's personal accountant (see *Aron v Gillman,* 309 NY 157; *Soechtig v Amick,* 285 App Div 701, affd 309 NY 988). We find no merit to defendant's other arguments. Titone, J. P., Mangano, O'Connor and Weinstein, JJ., concur.